# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.  CIV-18-153-M |
| | ) | |
| ONE 2008 FORD F-250 TRUCK, | ) | |
| VIN 1FTSW21R38EA45318, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.     This is an *in rem* forfeiture action brought to forfeit and condemn to the use and benefit of the United States of America the above-captioned defendant property, for violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 21 United States Code, Section 881(a)(4).

## THE DEFENDANT *IN REM*

2.     Defendant is a 2008 Ford F-250 Truck, VIN 1FTSW21R38EA45318, seized from Manuel Alejandro Najera Flores, by the Federal Bureau of Investigation (FBI) pursuant to

the execution of a federal Search and Seizure Warrant on August 23, 2017. The defendant property is currently in the custody of the United States Marshals Service.

3.      On November 21, 2017, Ricardo Gonzalez Salazar filed a claim of ownership with the FBI to contest the administrative forfeiture of the aforementioned defendant *in rem*.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant, *in rem*, pursuant to 21 U.S.C. § 881(a)(4). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355 and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4), because it constitutes a conveyance used, or intended for use, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property controlled substances, from violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

## FACTS

8. The facts and circumstances supporting the seizure and forfeiture of the defendant, *in rem*, are contained in the affidavit of Michael R. Adams, Special Agent with the FBI, attached hereto as Attachment 2, and fully incorporated herein by reference.

9. This complaint does not contain all of the information known in regards to the investigation; however, it contains enough information to establish probable cause to support a complaint for forfeiture against the defendant property.

## CLAIM FOR RELIEF

10. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 9 above.

11. As a result of the foregoing, the defendant property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States of America requests that the Court authorize the continued custody of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney

/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone:  (405) 553-8700
Telecopier:  (405) 553-8885
E-mail:  wilson.mcgarry@usdoj.gov

## VERIFICATION

I, Michael R. Adams, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true of my own knowledge, except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 15, 2018.

_____
Michael R. Adams, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 15th day of February, 2018.

_____
Notary Public, State of Oklahoma

[Notary Seal: VICKY L. WRAY, NOTARY, # 14006530, EXP. 07/24/18, STATE OF OKLAHOMA, PUBLIC]

ATTACHMENT 1

**AFFIDAVIT IN SUPPORT OF**
**A CIVIL COMPLAINT**

I, Michael R. Adams, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Oklahoma City, Oklahoma, being duly sworn, depose and state as follows:

**INTRODUCTION**

1.      I have been a Special Agent with the FBI since March 2015. I am currently assigned to the Oklahoma City Division, where I am assigned to the Criminal Enterprise Squad, which is responsible for investigating street gang and drug related offenses. Since becoming a Special Agent, I have been involved in a wide variety of investigative matters, including numerous investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. I am currently the Case Agent for the matter before the court. As part of my investigative experience, I have executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. Through my training and experience, I have become familiar with some of the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits.

Attachment 2

2. As a federal agent, I am authorized to investigate violations of the laws of the United States and to seek forfeiture of property under the authority of the United States.

3. This affidavit does not contain all of the information known to me in regards to the investigation; however, it contains enough information to establish probable cause to initiate forfeiture action against the property described in the details below.

## BASIS FOR FORFEITURE

4. There is probable cause to believe Manuel Alejandro **NAJERA** Flores, and others, known and unknown, were engaged in a conspiracy to distribute controlled substances, namely cocaine, in the Western District of Oklahoma, in violation of Title 21, United States Code, Sections 841 and 846, from at least May 2016 through May 2017. Furthermore, there is probable cause to believe **NAJERA** used a 2008 Ford F-250 vehicle, vehicle identification number (VIN) 1FTSW21R38EA45318 (**SUBJECT VEHICLE**), to facilitate drug trafficking as will be explained in detail below. As a result, there is probable cause to believe that the **SUBJECT VEHICLE** is subject to seizure and forfeiture pursuant to Title 21, United States Code, Sections 881(a)(4) which provides: "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property [in violation of Title 21]."

## BACKGROUND OF THE INVESTIGATION

5. A joint investigation conducted by Special Agents and Task Force Officers of the Oklahoma City Division of the FBI, and Officers with the Special Projects Division of the Oklahoma City Police Department (OCPD) uncovered a criminal enterprise involved in the importation, transportation, and distribution of controlled substances in the Oklahoma City, Oklahoma, area. **NAJERA** was found to be one of the leaders of the drug trafficking organization which included Braeden Ryan **DOWNES,** Marco Antonio **TRONCOSO**, Jesse **PEREZ**, Gabriel Perez **ROMERO** Jr., Christopher **SANCHEZ** and others.

6. A cooperating defendant (CD1) provided some initial information regarding low-level members of this organization. CD1 made several purchases of cocaine hydrochloride from a member of this organization, **DOWNES**, from October 2015 through February 2016. In February 2016, CD1 introduced an undercover agent (UCE1) to this organization. Over the course of the next few months, UCE1 made multiple purchases of cocaine hydrochloride from **DOWNES**. Based on information and evidence provided by UCE1, including statements made by **DOWNES**, it is believed that this organization is responsible for distributing multiple pounds of cocaine hydrochloride in Oklahoma City and potentially elsewhere. The investigation further revealed several of the subjects under investigation are members or affiliates of gangs in the Oklahoma City area. **TRONCOSO**,

for example, is a documented member of the Southside Locos neighborhood street gang, the largest and most active gang in the Oklahoma City area.

7. The investigation included court ordered wire interceptions of the telephones of **TRONCOSO** and **NAJERA**. The wire interceptions helped identify additional subjects and provided insight into the hierarchy of the drug trafficking organization. For example, **TRONCOSO**, **PEREZ**, and **NAJERA** were overheard and observed coordinating a number of drug transactions in which **TRONCOSO** ordered drugs from **PEREZ** who obtained the drugs from **NAJERA**. The wire interceptions coupled with physical surveillance helped identify instances in which subjects of the investigation used vehicles and/or real property to facilitate their drug trafficking activity.

8. On May 17, 2017, based upon the foregoing information, a grand jury sitting in the Western District of Oklahoma returned an indictment of **NAJERA**, **DOWNES**, **TRONCOSO**, **PEREZ**, **ROMERO** and **SANCHEZ** for violations of Title 21, United States Code, Sections 841 and 846. On August 23, 2017, **NAJERA** along with **DOWNES**, **TRONCOSO**, **PEREZ**, **ROMERO** and **SANCHEZ** were arrested in Oklahoma City, Oklahoma, pursuant to an arrest warrant issued in the United States District Court for the Western District of Oklahoma and the **SUBJECT VEHICLE** was seized from **NAJERA's** residence in Oklahoma City pursuant to a search and seizure warrant issued by the United States District Court for the Western District of Oklahoma.

10.     Following the arrests of **NAJERA**, **DOWNES**, **TRONCOSO**, **PEREZ**, **ROMERO** and **SANCHEZ**, several of **NAJERA's** co-defendants provided statements, which have confirmed **NAJERA** as a leader of the drug trafficking organization.

### VEHICLE TO BE SEIZED

11. Oklahoma Tax Commission records show that the **SUBJECT VEHICLE**, a 2008 Ford F-250 vehicle, VIN 1FTSW21R38EA45318, Oklahoma Registration 936KET, is currently registered to Ricardo Gonzalez Salazar, 7111 NW 45th Street, Oklahoma City, Oklahoma.  During the investigation, **NAJERA** was observed to be in possession of this vehicle and used the vehicle as one of his primary means of transportation.  In my experience, drug traffickers often register vehicles, and other property, in the names of friends and/or family members in an attempt to hide their ownership of the property.  Your affiant believes that **NAJERA** is the de facto owner of the vehicle and that the **SUBJECT VEHICLE** is registered in Ricardo Gonzalez Salazar's name simply to conceal the fact that **NAJERA** is the true owner of the **SUBJECT VEHICLE**.

12.     **ROMERO** provided a statement following his arrest in which he said he was the driver for **NAJERA** during drug transactions.  **ROMERO** drove **NAJERA** two or three days per week to, or from, a residence which **ROMERO** knew was used by **NAJERA** to stash cocaine.  **ROMERO** observed **NAJERA** in possession of cocaine and cash proceeds from drug trafficking.

5

13.     In Spring 2016, **NAJERA** asked **ROMERO** for help with the **SUBJECT VEHICLE**. **ROMERO** understood **NAJERA** purchased the **SUBJECT VEHICLE** from someone named Ricardo. **NAJERA** told **ROMERO** he was not going to change the title for **SUBJECT VEHICLE** for a while.

13.     **SUBJECT VEHICLE** was used by **NAJERA** on a number of occasions to facilitate drug transactions. For example, on October 1, 2016, **NAJERA** engaged in an apparent drug deal in which **NAJERA** used the **SUBJECT VEHICLE** to facilitate the transaction. A surveillance camera observed **NAJERA** drive the **SUBJECT VEHICLE** to a residence believed to be a stash house used by **NAJERA**.[1] Approximately twenty-five minutes after the **SUBJECT VEHILCE** arrived at the stash location it departed and arrived at another residence approximately thirteen minutes later. When the **SUBJECT VEHILCE** arrived, an occupant of the residence entered the passenger side of the **SUBJECT VEHICLE** and remained inside the **SUBJECT VEHICLE** for approximately six minutes. I know through training and experience that this type of short-term activity directly after a supplier's trip to his drug stash location is indicative of a drug deal.

14.     On October 5, 2016, a voice call between **NAJERA** and an unidentified male (UM) was intercepted by law enforcement in which UM told **NAJERA**: "[…] Pancho wants two this time." Based on my training and experience with this particular

---

[1]     Agents later confirmed this residence was in fact a drug stash house for **NAJERA** when, on August 23, 2017, FBI agents executed a search warrant at that residence which resulted in the seizure of approximately one kilogram of cocaine.

investigation, I believed this to mean UM was asking to purchase two ounces of cocaine from **NAJERA** in order to provide to someone named Pancho. Approximately eleven minutes after this phone call, the **SUBJECT VEHICLE** was observed by law enforcement at **NAJERA's** known cocaine stash house. Approximately ten minutes later, the **SUBJECT VEHICLE** was observed in a gravel parking lot near the intersection of SW 33rd Street and S. Robinson Avenue in Oklahoma City, Oklahoma. At this time, **NAJERA** was observed standing outside of the **SUBJECT VEHICLE**. Three minutes later, a UM pulled into the same parking lot and briefly met with **NAJERA**. Approximately three minutes after that, the meet was over, and **NAJERA** was observed getting back into the **SUBJECT VEHICLE** and departing this area. I know through training and experience that this type of short-term activity directly after a supplier's trip to his drug stash location is indicative of a drug deal. After this apparent drug deal, the **SUBJECT VEHICLE** made several other stops for short durations which were believed to be additional drug transactions.

15.     On this same date, October 5, 2016, **NAJERA**, using the **SUBJECT VEHICLE**, arrived back at his stash location at approximately 7:30 p.m. Approximately eight minutes later, **NAJERA** received an incoming text message from 405-215-4000 that was intercepted by law enforcement saying, "Bring me one to my house." I know through training and experience with this investigation that the individual texting **NAJERA** is likely asking for one unit of cocaine. Approximately twelve minutes after **NAJERA** received this text message, law enforcement observed him walking towards a residence

7

and the **SUBJECT VEHICLE** was observed parked in that residence's driveway. The **SUBJECT VEHICLE** remained at that residence for approximately twenty minutes before **NAJERA** drove the **SUBJECT VEHICLE** back to his stash location. Based on my training and experience, I know **NAJERA's** conduct to be indicative of a drug deal.

16. In addition to the numerous drug deals **NAJERA** facilitated while driving the **SUBJECT VEHICLE**, **NAJERA** also used the **SUBJECT VEHICLE** as his primary daily driver during much of the duration of this investigation. It was common practice for **NAJERA** to drive the **SUBJECT VEHICLE** to a third party location, park it, and enter into another vehicle that **NAJERA** then drove to his stash location and/or to deliver drugs. This was an apparent tactic that was used to allude law enforcement from surveilling **NAJERA's** criminal activities.

## CONCLUSION

19. Based on the above-mentioned facts, I submit there is probable cause Manuel Alejandro **NAJERA** Flores and others, known and unknown, have engaged in conspiracy to distribute controlled substances, namely cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. I submit there is probable cause **SUBJECT VEHICLE** was used by the drug trafficking organization to transport, conceal and/or store illegal drugs and/or criminal proceeds derived from drug trafficking. Therefore, there is probable cause to believe **SUBJECT VEHICLE** is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(4).

Attachment 2

**FURTHER, YOUR AFFIANT SAYETH NOT.**

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct.

_____
MICHAEL R. ADAMS
Special Agent, FBI

Sworn and subscribed to before me this 15th day of January, 2018.

_____
Notary Public

[Notary Seal: VICKY L. WRAY, NOTARY, # 14006530, EXP. 07/24/18, STATE OF OKLAHOMA]

9

Attachment 2

JS 44 (Rev. 06/17) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
ONE 2008 FORD F-250 TRUCK
VIN 1FTSW21R38EA45318

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson McGarry, AUSA
U.S. Attorney's Office, 405-553-8700
210 Park Ave., Ste. 400, Oklahoma City, OK 73102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(4)

Brief description of cause:
The vehicle was used, or intended for use to transport, or in any manner to facilitate drug trafficking activity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Joe Heaton
DOCKET NUMBER CR-17-104-HE

DATE 02/15/2018
SIGNATURE OF ATTORNEY OF RECORD
s/Wilson McGarry, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.